Elizabeth ROBINSON, Plaintiff–Appellant,

v.

TRANSWORLD AIRLINES, INC., Defendant–Appellee.

No. 1608, Docket 91–7156.

United States Court of Appeals, Second Circuit.

Argued May 28, 1991.

Decided Oct. 17, 1991.

Elizabeth Robinson, Huntington Station, N.Y., pro se.

Michael A. Katz, Alane C. Probst, White Plains, N.Y., for defendant-appellee.

Before CARDAMONE and WALKER, Circuit Judges, and McKENNA, District Judge.*

PER CURIAM:

Plaintiff Elizabeth Robinson appeals, *pro se*, from a judgment dismissing, upon motion, her complaint against defendant Trans World Airlines, Inc. ("TWA").

A flight attendant for TWA since 1964, plaintiff suffered a work related injury to her back aboard a TWA aircraft on January 31, 1984. After a 120 day paid sick leave, in June of 1984 she was placed on medical leave of absence, pursuant to which, although she was not paid salary, her seniority and benefits (including medical insurance) were preserved. She was terminated on December 9, 1987, at the age of 43, on the ground that she was unfit for duty due to her continued disability as a result of the back injury.

Plaintiff's complaint alleged (i) that her termination violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, (ii) that it also violated the collective bargaining agreement between the Independent Federation of Flight Attendants, of which she was a member, and TWA, and (iii) disability discrimination. The District Court construed the last mentioned allegation to assert a violation of New York Executive Law § 296, since, at the time of plaintiff's termination, there was no federal statute in force affording plaintiff a remedy for disability discrimination.

---

* Hon. Lawrence M. McKenna, United States District Court Judge for the Southern District of New York, sitting by designation.

The District Court granted summary judgment in favor of TWA on the ADEA claim, dismissed without prejudice, for lack of jurisdiction, the claim for violation of the collective bargaining agreement, and dismissed the claim of disability discrimination on the ground that the exercise of pendent jurisdiction was not warranted.

■ Plaintiff claims that her termination violated Article 15(B) of the collective bargaining agreement,[1] and filed a grievance protesting it. The grievance was denied at Steps I and II of the grievance procedure. Arbitration before the System Board of Adjustment has been postponed several times, and, at the time of the entry of judgment of dismissal, no hearing was scheduled.

Plaintiff's grievance is a "minor dispute" growing out of the interpretation of an existing collective bargaining agreement, subject, under the Railway Labor Act, 45 U.S.C. §§ 151–188, to resolution by Adjustment Boards required to be established by the Act, and having jurisdiction over disputes between air carriers and their employees "growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions. . . ." *Id.* § 184. Decisions of an Adjustment Board are "final and binding upon both parties to the dispute," *id.* § 153 (First) (m), can be enforced in the federal courts, *id.* § 153 (First) (p) and are subject to only limited judicial review. *Id.* § 153 (First) (q). *See Baylis v. Marriott Corp.*, 843 F.2d 658, 662 (2d Cir. 1988). Voluntary binding arbitration is the only alternative to resolution by an Adjustment Board. 45 U.S.C. §§ 157–159.

The District Court correctly found that it did not have subject matter jurisdiction of plaintiff's claim of violation of the collective bargaining agreement because it constituted a "minor dispute" within the meaning of the Railway Labor Act. *See Baylis*, 843 F.2d 658, 662–63. The judgment is therefore, as to this claim, affirmed.

■ In granting summary judgment on plaintiff's claim that her termination was in violation of the ADEA,[2] the District Court applied the Title VII burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), which is applicable to ADEA cases as well. *See Montana v. First Fed. Savings and Loan Ass'n*, 869 F.2d 100, 103 (2d Cir.1989).

The District Court found, first, that plaintiff had not shown that her evidence could possibly support a *prima facie* case of age discrimination since, though she was within the protected age group at the time of her termination, she was no longer qualified to be a flight attendant due to her disability, so that an inference of discrimination does not arise from the circumstances of the termination. The District Court found, second, that TWA had shown non-discriminatory reason for the termination—plaintiff's disability—and that plaintiff had failed to show that that reason was a pretext, or that age made any difference in TWA's actions.

Plaintiff contends that TWA, in applying the five year limitation of Article 15(B) of the collective bargaining agreement, had discriminated against employees 40 years of age or older. She charges, for instance, that prior to a 1987 strike, in the wake of which TWA hired many under–40 Flight

---

1. That Article provides:
   When leaves of absence are granted by the Company because of sickness or injury, an employee's seniority shall accrue, except for pay purposes, until he or she is able to return to duty or is found to be unfit for such duty, except that in no case shall leave for sickness or injury exceed a total continuous period of five (5) years. Return to duty after such leave shall be subject to a reasonable trial period not to exceed ninety (90) days. When leave of absence is granted for industrial injury, an employee's seniority shall accrue for pay purposes.

2. The ADEA provides that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The prohibition applies to persons at least 40 years of age. *Id.* § 631(a). Plaintiff was 43 at the time of her discharge.

Attendants, only one employee had ever been severed for disability prior to completion of the five year period. In the effort to obtain evidence of this and other facts showing age discrimination, plaintiff sought from the Magistrate assigned to supervise discovery, and on July 2, 1990 obtained, an order requiring TWA to supply her with the addresses of TWA employees among whom might be found persons situated similarly to plaintiff. Plaintiff had not, however, obtained this discovery at the time TWA moved for summary judgment, no less had the opportunity to communicate with similarly situated persons from whom, perhaps, evidence sufficient to defeat the motion might have been obtained.[3]

In *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980) (citations omitted), we pointed out that "[a]t least when the party opposing the motion has not been dilatory in seeking discovery, summary judgment should not be granted when he is denied reasonable access to potentially favorable information." There is no claim here that plaintiff was dilatory in seeking discovery.

We believe that, under the circumstances, plaintiff should have had an opportunity to pursue the discovery afforded by the Magistrate's order of July 2, 1990, and to obtain any relevant evidence which it may have disclosed, before being required to respond to TWA's motion for summary judgment. Accordingly, we reverse as to plaintiff's ADEA claim, without prejudice to a renewal by TWA of its motion upon completion of discovery.

Since the ADEA claim is reinstated, the dismissal of plaintiff's claim for disability discrimination in violation of New York Executive Law § 296, based only on lack of pendent jurisdiction, is reversed as well.

The judgment is affirmed as to plaintiff's claim of violation of the collective bargaining agreement, reversed as to plaintiff's claims of violation of the ADEA and New York Executive Law § 296, and remanded

for proceedings not inconsistent with this opinion.

---

**3.** While plaintiff, in opposing the motion, did advise the District Court in general terms that discovery was not complete, she did not specifi-

cally call the Court's attention to the order described, as might have been done had she been represented by counsel.